IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Abu Bakr Ladd,** | : No. 4:05-CV-916-UNA |
| **Plaintiff** | : Jury Trial Demanded |
| v. | : |
| **St. Louis Board of Police Commissioners ("BPC")[1],** Colonel Susan C.J. Rollins (Member, BPC), Colonel Bart Saracino (Member, BPC), Colonel Jo Ann Freeman (Member, BPC), Colonel Michael J. Quinn (Member, BPC), Captain Antoinette M. Filla (Member, BPC); | : |
| **Jeffrey Pickering (In his Individual Capacity),** | : |
| **Defendants** | : |

## AMENDED COMPLAINT

COMES NOW, Abu Bakr Ladd, by and through his counsel, Anser Ahmad, Esquire, and brings forth this Amended Complaint, and in support thereof avers:

1. Plaintiff is an adult male, fifty-eight (57) years of age, residing within the Eastern District of Missouri at 4225 East Labadie Avenue, St. Louis, Missouri, 63115.

2. Plaintiff is Muslim by faith.

3. Defendant St. Louis Board of Police Commissioners (hereinafter referred to as "BPC") and its members are located at 1200 Clark Avenue, St. Louis, Missouri 63103.

---

[1] It should be noted that the Mayor and the Chief of Police are also members of the St. Louis Board of Police Commissioners, however, they have not been named as defendants in the instant suit as they serve *ex officio*.

4. The St. Louis Police Department and its officers are under the direction and control of the BPC.

5. Defendant Jeffrey Pickering is an adult male, residing within the Eastern District of Missouri, who was employed as an officer of the law by the St. Louis Metropolitan Police Department on September 25, 2003.

6. Venue is proper pursuant to 28 USCS § 1391.

7. The jurisdiction of this court is based on 28 USC §1331.

8. This action arises under 42 USCS § 1983 as hereinafter more fully appears.

9. During May 2003, or earlier, the Federal Bureau of Investigation (hereinafter "FBI") began investigating Plaintiff (see Exhibit A, Drivers History dated May 19, 2003).

10. In the course of its investigation of the plaintiff, the FBI requested a certified copy of the California Department of Corrections file for the plaintiff (see Exhibit B, Letter from the FBI to the California Department of Corrections dated July 8, 2003), which referenced Plaintiff's FBI File number as 265C-SL-188636 (see Exhibits B and C, Response to the FBI dated August 12, 2003).

11. In an Affidavit in Support of a Search Warrant dated September 24, 2003 (see Exhibit D), Defendant Jeffrey Pickering, of the St. Louis Metropolitan Police Department, swore and attested to the following:

    A. That he (Pickering) had conferred with a confidential informant (hereinafter "CI") on September 17, 2003, who indicated that crack cocaine and firearms were being sold from Plaintiff's residence;

    B. That his CI had had been inside Plaintiff's home on numerous occasions and had observed crack cocaine and numerous firearms on each occasion;

    C. That he (Pickering) conducted surveillance of Plaintiff's home on September 19, 2003, at which time he observed three (3) transactions as described by the CI;

    D. That he (Pickering) again conducted surveillance of Plaintiff's home on September 23, 2003, at which time he observed Plaintiff carrying a long item covered with what appeared to be a blanket into his residence; and,

    E. That his CI contacted him again on September 23, 2003, at which time the CI indicated that he/she had just left Plaintiff's home where he/she observed Plaintiff to be in possession of cocaine base and firearms.

12. Defendant Pickering's observations could not have occurred as stated in his affidavit, given that Plaintiff was in Kentucky during Officer Pickering's alleged surveillance of Plaintiff.

13. Further, no adult male person(s), other than the plaintiff, entered the plaintiff's home during the hours described in Defendant Pickering's affidavit, and, therefore, Defendant Pickering's observations could not have occurred as stated in his affidavit.

14. Plaintiff has numerous documents including phone records, hotel and sales receipts which prove that he was in Kentucky at the time of Officer Pickering's alleged observations.

15. Defendant Pickering's affidavit contained fraudulent information that Defendant Pickering knew to be false.

16. As a direct result of the false information provided to the Circuit Court for the City of St. Louis by Defendant Pickering through his affidavit, an unlawful search warrant was issued for Plaintiff's home (see Exhibit E).

17. As a direct result of the issuance of the unlawful search warrant, on September 25, 2003, local authorities from the St. Louis Metropolitan Police Department[2] executed the unlawful search warrant at Plaintiff's home located at 4225 East Labadie, St. Louis, Missouri, 63115 (see Exhibit F, St. Louis Metropolitan Police Incident Report).

18. As a result of this unlawful search, members of the FBI[3] unlawfully arrested the Plaintiff (see Exhibit G, Report of FBI Agent Luke J. Adler, FBI File number as 265C-SL-188636), and held Plaintiff against his will.

19. Neither the FBI nor the St. Louis Police Department provided any explanation as to why a Joint Terrorism Task Force Team was dispatched to plaintiff's home for what was alleged "drug bust."

20. Plaintiff remained in custody from September 25, 2003 until December 11, 2003.

---

[2] Although Plaintiff has only named one (1) defendant from the St. Louis Metropolitan Police Department at this time, it should be noted that Plaintiff intends to request leave of court to add additional defendants from the police department should evidence (either documents or through testimony) become available that other person(s) from the police department were aware of, or participated in, the malicious conduct against the plaintiff.

[3] Although Plaintiff has not named any of the federal individuals as defendants in this suit at this time, it should be noted that Plaintiff intends to request leave of court to add additional defendants should evidence (either documents or through testimony) become available in the future that other person(s) were aware of, or participated in, the malicious conduct against the plaintiff.

21. During his incarceration, Plaintiff requested a *Franks* hearing to determine the identity of the CI and to demonstrate to the Court that the allegations set forth in the Warrant and Affidavit could not be true (see Exhibits H, *Motion of Defendant for Hearing Under Franks v. Delaware and to Disclose Identity of Alleged Confidential Informant*, and I, *Amendment by Interlineation to Motion for Franks Hearings*).

22. Plaintiff appeared in Court on December 11, 2003, at which time bond was set however, the United States Attorney refused to proceed with the evidentiary hearing, even though Defendant Pickering and Luke J. Adler (the arresting FBI officer) were in Court that day, resulting in the evidentiary hearing being reset for January 14, 2004 (see Exhibit J, Docket Report, Docket Entry Number 28).

23. Plaintiff was released on bond on December 11, 2003.

24. On January 13, 2004, one (1) day prior to the scheduled evidentiary hearing in Plaintiff underlying case, the Government filed an Order for Dismissal of the Indictment against the Plaintiff, for reasons not stated in the Government's Order for Dismissal (see Exhibit K, Order for Dismissal).

25. Subsequent to his release, Plaintiff filed, in person, an Allegation of Employee Misconduct Report with the Internal Affairs Division of the St. Louis Metropolitan Police Department on or about January 15, 2004.

26. At the January 15, 2004 filing of the misconduct report, Plaintiff provided statements that were recorded at Plaintiff's request.

27. On or about January 26, 2004, Plaintiff received a telephone call from the Internal Affairs Division, indicating that his file had been "lost", requesting that Plaintiff appear again to provide another statement and requesting that Plaintiff's wife also appear to make a statement.

28. On January 28, 2004, Plaintiff and his wife appeared before the Internal Affairs Division, provided statements and filed another Allegation of Employee Misconduct Report (see Exhibit L).

29. The Internal Affairs Division acknowledged its receipt of Plaintiff's complaint on February 23, 2004 (see Exhibit M).

30. On June 2, 2004, the Internal Affairs Division responded to the plaintiff's allegations of misconduct and determined that Plaintiff's allegations be "not sustained" (see Exhibit N).

31. Plaintiff then appealed that decision and requested further investigation from the BPC (see Exhibit O).

32. On July 5, 2004, the BPC responded to Plaintiff's appeal and upheld the "not sustained" recommendation of the Internal Affairs Division (see Exhibit P).

33. Given that the BPC stated after conducting its "investigation", Defendant Pickering's conduct was not unlawful and, therefore, not outside the scope of his employment, the BPC is equally liable for the condoned conduct of any one of the officers of the St. Louis Police Department.

## COUNT I: VIOLATION OF PLAINTIFF'S CIVIL RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE

34. Paragraphs 1-33 above are incorporated by reference herein.

35. Plaintiff avers that on September 25, 2003, Defendants did unlawfully execute a search warrant in which they either knew or their superiors should have known was facially unlawful as the facts which supposedly gave probable cause were completely fabricated in order to give authorities the opportunity to raid Plaintiff's home.

36. As a result of the search pursuant to the unlawful search warrant, Defendants did cause the Plaintiff to be deprived of his civil rights against unreasonable search and seizures pursuant to the Fourth Amendment.

37. Upon execution of the unlawful search warrant, Defendants did unlawfully seize Plaintiff in violation of the Fourth Amendment to the United States Constitution.

## COUNT II: MALICIOUS PROSECUTION

38. Paragraphs 1-37 above are incorporated by reference herein.

39. Defendants did in fact commence a prosecution against the Plaintiff.

40. Defendants did instigate the prosecution.

41. The prosecution against the Plaintiff, initiated by Defendant(s), did terminate in favor of the Plaintiff.

42. Defendants had no probable cause to prosecute the Plaintiff as the foundation for probable cause was completely fabricated.

43. Defendants conduct was actuated by legal malice.  Prior to the plaintiff's release, Assistant U.S. Attorney John Ware, Luke Adler, Michael Ramos and Matthew Brummond spoke privately with Plaintiff and requested that the plaintiff work as an informant inside the Muslim community.  The Plaintiff rebuffed the request to serve as an informant and objected to being characterized as a drug dealer by the government in the fabricated search warrant.  John Ware then stated to Plaintiff with some emotion that "Mr. Ladd, we know that you are not a drug dealer."

44. Defendants' actions were motivated as a result of Plaintiff's ties to the Muslim community and the publicly stated need for informants inside the Muslim community in the St. Louis area.

45. Plaintiff sustained severe mental, emotional, and physical harm as a result of the unlawful acts of the Defendants.  Plaintiff's reputation is damaged; he sustained severe embarrassment; and has lost out on substantial bids which sustain his business.

## COUNT III: FALSE IMPRISONMENT

46. Paragraphs 1-45 above are incorporated by reference herein.

47. Plaintiff was confined from September 25, 2003 until December 11, 2003.

48. Defendants had no legal justification to confine Plaintiff as the search warrant was unlawful.

49. Plaintiff was wronged by the confinement.

50. Defendants have no other justification for Plaintiff's confinement.

## COUNT IV: CIVIL CONSPIRACY

51. Paragraphs 1-50 above are incorporated by reference herein.

52. The defendants did conspire together to deprive the plaintiff of his civil rights.

53. The defendants further conspired together in an effort to cover up their involvement in the deprivation of Plaintiff's civil rights.

54. The defendants had the unlawful objective of entering Plaintiff's home by circumventing the requisites of the Fourth Amendment.

55. The defendants did have a meeting of the minds.

56. At least one act was committed in furtherance of the conspiracy as Defendant Jeffrey Pickering of the St. Louis Metropolitan Police Department created fictitious facts to obtain an illegal search warrant to search the home of Plaintiff.

57. Plaintiff sustained severe mental, emotional, and physical harm as a result of the unlawful acts of the Defendant(s).  Plaintiff's reputation is damaged among his peers, relatives, religious community, and the city of Saint Louis at large; he sustained severe embarrassment, and has lost out on substantial bids which sustain his business.

WHEREFORE, Plaintiff respectfully requests:

A. That this Honorable Court grant Plaintiff compensatory damages in the amount of $350,000 for lost contracts/bids as a result of his inability to work during September 25, 2003 through December 11, 2003

B.  That this Honorable Court grant Plaintiff punitive damages in the amount of $1,500,000.000 for the damage to his reputation and the mental and physical stress of the unlawful, false and malicious acts of the Defendant(s)

C.  That this Honorable Court grant other such relief that it finds just and equitable.

                                Respectfully Submitted,

                                /s/Anser Ahmad_____
                                Anser Ahmad, Esq.
                                PA I.D. No. 75008 (admitted *pro hac vice*)
                                Ahmad Law Offices, P.C.
                                105 N. Front St., Ste. 106
                                Harrisburg, PA 17101
                                (717) 920-9100

Dated: May 30, 2006                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Anser Ahmad, Esq., hereby certify that I have, on this date, served a copy of the foregoing *Amended Complaint* and any attached pages upon the person(s) and in the manner indicated below:

Dana C. Hibbs, Esq.  
Assistant Attorney General  
Missouri Attorney General's Office  
720 Olive Street, Suite 2150  
St. Louis, MO 63101

Nicholas P. Llewellyn, Esq.  
Assistant U.S. Attorney  
Thomas F. Eagleton U.S. Courthouse  
111 South Tenth Street, 20th Floor  
St. Louis, MO 63102

Edward J. Hanlon, Esq.  
Deputy City Counselor  
City of St. Louis  
Room 314 City Hall  
St. Louis, MO 63103

Jane Rund, Esq.  
Assistant U.S. Attorney  
Thomas F. Eagleton U.S. Courthouse  
111 South Tenth Street, 20th Floor  
St. Louis, MO 63102

Service by electronic filing.

/s/Anser Ahmad_____  
Anser Ahmad, Esq.  
PA I.D. No. 75008 (admitted *pro hac vice*)  
Ahmad Law Offices, P.C.  
105 N. Front St., Ste. 106  
Harrisburg, PA 17101  
(717) 920-9100

Dated: May 30, 2006                                      Attorney for Plaintiff