**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

---

Abu Bakr Ladd,                          Civil No. 4:05-916 UNA (RHK/AJB)

         Plaintiff,

v.                                        **ORDER**

St. Louis Board of Police
Commissioners, et al.,

         Defendants.

---

This matter is before the Court, on Plaintiff's Objections to the May 15, 2007 Order of Magistrate Judge Arthur J. Boylan. That Order concerned Plaintiff Abu Bakr Ladd's motion to compel discovery of the identity of the confidential informant Defendant Jeffrey Pickering relied upon to procure a search warrant for Ladd's residence. Judge Boylan denied Ladd's Motion for disclosure of the identity of the now-deceased informant.

The Court has reviewed Judge Boylan's Order and supporting memorandum. Ladd's Motion is non-dispositive and therefore the standard of review on appeal from that Motion is limited. See 28 U.S.C. § 636 (b)(1)(A) (non-dispositive motions reviewed under "clearly erroneous or contrary to law" standard). The Court finds that Judge Boylan's resolution of the Motion is neither clearly erroneous nor contrary to law.[1] For the following reasons, the Order will be affirmed.

---

[1] Even if the Court conducted a *de novo* review of the subject Order, the result would not change. Judge Boylan's factual determinations are fully supported by the record before him and his legal conclusions are fully consistent with the applicable legal principles.

The Court recognizes that it is often difficult to balance the competing interests when a confidential-informant's identity and testimony could be relevant. Roviaro v. United States, 353 U.S. 53, 62 (1957) (weighing the public interest in protecting the flow of information to law enforcement agencies against an individual's right to adequately prepare his defense in a criminal trial). Here, Ladd is a civil plaintiff and not a criminally accused defendant. Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 372 (7th Cir. 1989) (explaining that the confidential-informant privilege is stronger in civil cases because constitutional rights guaranteed to criminal defendants do not apply). Furthermore, Ladd has not demonstrated beyond mere speculation that the confidential-informant's identity is material or vital to a fair trial. E.g., United States v. Lapsley, 334 F.3d 762, 763 (8th Cir. 2003). Notably, the search warrant was based in part on Pickering's own alleged surveillance and observations. Thus, Ladd can still prove his case by impeaching the veracity and credibility of Pickering.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that:

1. Plaintiff's Objections (Doc. No. 87) are **OVERRULED**; and
2. The Order (Doc. No. 86) is **AFFIRMED**.

Dated: June 27, 2007

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge