UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Abu Bakr Ladd,

                Plaintiff,

                              No. 4:05-CV-916-UNA (RHK/AJB)
                              **ORDER**

v.

Jeffrey Pickering,

                Defendant.

For the reasons stated on the record at the hearing held on December 3, 2010, **IT IS ORDERED** that:

1. Plaintiff Ladd's Motion in Limine (Doc. No. 174) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Paragraph 1 of the Motion (to exclude evidence concerning firearms found in Ladd's residence as a result of the search) is **DENIED**;

    b. Paragraph 2 of the Motion (to exclude evidence concerning statements made by Ladd to law-enforcement officers immediately following his arrest) is **DENIED**;

    c. Paragraph 3 of the Motion (to exclude evidence concerning Ladd's arrests in 1971 and 1993) is **GRANTED**;

    d. Paragraph 4 of the Motion (to exclude evidence concerning Ladd's 1968, 1971, and 1977 arrests and convictions) is **GRANTED IN PART** and **DENIED**

**IN PART**.  The Motion is **DENIED** as to the 1977 arrest and conviction, which were mentioned in the search-warrant affidavit.  The Motion is **GRANTED** as to the other arrests/convictions, which were not mentioned in the affidavit and, accordingly, could not have been part of the state-court judge's probable-cause determination; and

      e.      Paragraph 5 of the Motion (to exclude references to Ladd as a felon or convict) is **DENIED** as moot, as Defendant does not intend to so refer to Ladd; and

    2.      Defendant Pickering's Motion in Limine (Doc. No. 167) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** as follows:

      a.      Paragraph 1 of the Motion (to exclude evidence concerning Ladd's arrest and the disposition of the charges) is **DENIED**.  The Court will inform the jury as follows:  that Ladd's home was searched pursuant to a search warrant obtained by Defendant Pickering; firearms were found in Ladd's home during that search; because Ladd had a prior felony conviction, he was arrested for unlawfully possessing the firearms; he was held in custody and was released after the charge against him was dismissed.  The Court will also inform the jury that the reason for the dismissal of the charge is not an issue in this case, nor is the lawfulness of the arrest.  The parties may elicit testimony that Ladd was arrested and charged in order to put their contentions into context, but they *should not highlight these facts*, given the Court's prior ruling that the arrest and the dismissal of the charge are not relevant to the issues in this case;

      b.      Paragraph 2 of the Motion (to exclude evidence concerning media attention) is **DEFERRED** to the damages phase of trial, if any;

    c. Paragraphs 3 and 4 of the Motion (to exclude "conspiracy" evidence and evidence of a "blue wall of silence" or a cover-up) are **GRANTED IN PART** and **DENIED IN PART**. Ladd may elicit testimony regarding the *facts* that he believes support a so-called "cover up" in this case, and he will also be able to inquire into witness bias – for example, he may ask a testifying police officer whether he would be inclined to lie for another police officer. However, he will not be permitted to testify or elicit testimony as to the *reason behind* the so-called cover up, *i.e.,* Ladd's theory that there existed a "conspiracy" among multiple law-enforcement officers;

    d. Paragraph 5 of the Motion (to exclude evidence concerning other instances of police misconduct) is **GRANTED**, as Ladd has withdrawn his objection to this Motion;

    e. Paragraph 6 of the Motion (to exclude evidence not produced during discovery) is **DEFERRED** until such evidence is offered and objected to;

    f. Paragraph 7 of the Motion (to exclude expert testimony) is **DENIED** as moot, as Ladd does not intend to offer expert testimony;

    g. Paragraph 8 of the Motion (to exclude evidence concerning lawsuits or complaints against Pickering or other employees of the St. Louis police department) is **GRANTED**;

    h. Paragraph 9 of the Motion (to exclude evidence concerning terrorism or Ladd's religion) is **DENIED**;

      i.      Paragraph 10 of the Motion (to exclude evidence suggesting that Pickering caused the death of the confidential informant) is **DENIED** as moot;

      j.      Paragraph 11 of the Motion (to exclude evidence regarding the parties' financial resources) is **DEFERRED** to the damages phase of trial, if any;

      k.      Paragraph 12 of the Motion (to exclude evidence concerning dismissed parties or claims) is **GRANTED**;

      l.      Paragraph 13 of the Motion (to exclude references to spoliation of evidence) is **GRANTED**, as Ladd has withdrawn his objection to this Motion;[1] and

      m.      Paragraph 14 of the Motion (to exclude references to the Motions in Limine or evidence excluded pursuant thereto) is **GRANTED**.

Dated: December 6, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[1] To be clear, Ladd may introduce evidence indicating that the internal-affairs file and/or the "index card" allegedly documenting the informant no longer exist, and he may argue that the jury should draw conclusions from that "disappearance." Similarly, Pickering may elicit testimony explaining the circumstances surrounding the "disappearance" of that evidence and rebutting any suggestion that it was for nefarious reasons. The Court's previous spoliation ruling held only that Ladd was not entitled to *sanctions* as a result of the "intentional" destruction of evidence.