UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ABU BAKR LADD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV196RHK/AJB |
| | ) | |
| JEFFREY PICKERING, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PICKERING'S MOTION FOR JUDGMENT AS A MATTER OF
LAW AFTER JUDGMENT ON THE VERDICT OR, IN THE ALTERNATIVE,
MOTION FOR NEW TRIAL AND SUGGESTIONS IN SUPPORT THEREOF**

Defendant Jeffrey Pickering hereby moves, pursuant to Fed.R.Civ.P. 50, for

judgment as a matter of law after judgment on the jury's verdict, or in the alternative,

moves, pursuant to Fed.R.Civ.P. 59, for a new trial in this matter for the following

reasons:

1.      The Court erred in allowing hearsay testimony regarding plaintiff's

conversations with Luke Adler in that such testimony was inadmissible hearsay and

prejudicial to defendant.

2.      The Court erred in allowing evidence that plaintiff's federal criminal

charges had been dismissed in that this evidence allowed the jury to consider evidence

unnecessary and irrelevant to the determination of probable cause.

3.      The Court erred in excluding evidence of plaintiff's 1993 arrest in St. Louis

City in that plaintiff opened the door to admission of this evidence by offering evidence

of his good character at trial.

4.     The Court erred in submitting the Special Verdict Form, which instructed the jury to find in favor of plaintiff if Defendant Pickering lied regarding his confidential informant, in that the Special Verdict Form misstated the law with respect to probable cause.

## STANDARD OF REVIEW

### A.     Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find for" the non-moving party.  Fed.R.Civ.P. 50(a)(1).  The court must determine whether there was sufficient evidence to support the jury's verdict.  *See U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 717 (1983); *Cardena v. AT & T Corp.*, 245 F.3d 994, 998 (8th Cir. 2001).  A jury's verdict must be affirmed "unless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party." *Cross v. Cleaver*, 142 F.3d 1059, 1066 (8th Cir. 1998).  When reasonable persons could differ as to the conclusion to be drawn from the evidence, the motion must be denied. *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998); *Ryther v. KARE 11*, 108 F.3d 832, 844 (8th Cir. 1997) (en banc).

### B.     New Trial

A new trial may be granted where the record presents prejudicial error.  *See Comerio v. Beatrice Foods, Co.*, 616 F.supp. 1423, 1428 (E.D.Mo. 1985); *see also* 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, §2805, at pp. 54-57 (1995).  In considering a motion for new trial, the district court "is not limited to viewing

the evidence in the light most favorable to the [non-movant].  It may weight the evidence, disbelieve witnesses, and grant a new trial even when there is substantial evidence to sustain the verdict."  *Slatton v. Martin K. Ely Constr. Co.*, 506 F.2d 505, 508 n. 8 (8th Cir. 1974); *see also White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992).  The district court has wide discretion in deciding whether or not to grant a new trial.  *Id.* at 781.

"Rule 59 recognizes the common-law principle that it is the duty of a judge who is not satisfied with the verdict of a jury to set the verdict aside and grant a new trial."  11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, §2801, p. 40 (1995) (citing *Lack Indus., Inc. v. Ralston Purina Co.*, 327 F.2d 266 (8th Cir. 1964)).  "The exercise of this power is not in derogation of the right of trial by jury but is one of historic safeguards of that right."  *Aetna Casualty & Sur. Co. v. Yeatts*, 122 F.2d 350, 353 (1941).

## ARGUMENT

### I.    Renewed motion for judgment as a matter of law.

For the reasons set forth more fully in defendant's motion for directed verdict at the close of plaintiff's evidence and the close of all evidence, the jury did not have a legally sufficient evidentiary basis from which to conclude that defendant's search warrant was unlawful.  Therefore, Pickering is entitled to judgment as a matter of law.

### II.    New Trial

### A.    Hearsay Evidence

Defendant Pickering was prejudiced by the admission of inadmissible hearsay evidence of conversations between plaintiff and Anti-Terrorism Task Force Agent Luke

Adler.

The Court should grant Pickering a new trial as testimony regarding conversations between Ladd and Luke Adler was admitted over defendant's objection.  Ladd testified at trial that there were FBI agents present at his home when he was arrested.  Ladd further testified that Adler, a U.S. Marshal attached to the Anti-Terrorism Task Force, transported him to the North Union Station.  Ladd then testified about his conversations with Adler.  Ladd testified that Adler inquired about certain business transactions, including a receipt of $57,000.00 from Harris Place, LLC, and that Adler asked him if he would be willing infiltrate the Islamic Center and serve as an informant.

"The hearsay evidentiary rule excludes out-of-court assertions used to prove the truth of the facts asserted in them."  *ACTONet, Ltd. v. Allou Health & Beauty Care*, 219 F.3d 836, 846 (8th Cir. 2000); *see also* Fed.R.Evid. 802.  This testimony was elicited to establish that Ladd was arrested in order to get him to work as federal informant.  The testimony was offered to prove the truth of the matter asserted and did not fall within any of the hearsay exceptions.  *See* Fed.R.Evid. 801(c).   Ladd's testimony about his out-of-court conversations with Adler was prejudicial to Pickering because it helped Ladd establish that Pickering had other motivations beyond what was described in his affidavit.

Although the admission or exclusion of evidence rests in the sound discretion of the trial court, reversal is warranted where error affects a substantial right of a party.  *Gill v. Maciejewski*, 546 F.3d 557 (8th Cir. 2008).  Because Ladd's testimony regarding his conversation with Adler was inadmissible hearsay and prejudiced Pickering, defendant is entitled to a new trial.

B.      **Dismissal of Federal Criminal Charges**

Defendant Pickering was prejudiced by the admission of irrelevant and prejudicial

evidence that plaintiff's federal criminal charges had been dismissed.

The dismissal of Ladd's criminal charges was not admissible because a criminal

prosecution necessarily involves a different cause of action, different parties, and a

different burden of proof than any subsequent civil suit, even though both proceedings

may have been based on the same underlying incidents.  "Evidence of an acquittal is not

generally admissible in a subsequent civil action between the parties since it constitutes a

negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the

burden of proof beyond a reasonable doubt."  *Borunda v. Richmond*, 885 F.2d 1384, 1388

(9th Cir. 1989) (internal quotations omitted).

In *Borunda*, the Ninth Circuit concluded, under the limited circumstances of the

case, that the district court did not err in admitting evidence of the acquittal where the

plaintiff claimed attorneys' fees incurred therein as damages in his §1983 wrongful arrest

claim.  But, the court cautioned that "[t]his court would have been inclined to exclude the

evidence of acquittals altogether."  *Borunda*, 885 F.2d at 1389.  *See also Donald v. Rast*,

927 F.2d 379, 381 (8th Cir. 1991) (dismissal of motorist's DUI charge was not admissible

in his §1983 action alleging wrongful administration of breathalyzer test); *Admissibility*

*of Showing, in Action in Federal Court under 42 U.S.C.A. §1983 Based on Conduct of*

*Police Officers, That Criminal Charges Brought Against Plaintiff in Connection with*

*Incident Giving Rise to Action Were Dismissed or That Plaintiff Was Acquitted on Some*

*or All Charges*, 143 A.L.R.Fed. 621 (1998) ("Plaintiffs in police misconduct litigation

under 42 U.S.C.A. §1983 sometimes seek to introduce evidence of their acquittal on criminal charges arising out of their encounter with police, or the dismissal of such charges, to support their claim that the police had no lawful basis for their actions.  Such evidence, moreover, has commonly been held irrelevant when offered for this purpose, because of the considerable difference between the stringent standard of proof beyond a reasonable doubt, which must be met in a criminal prosecution, and the much lower standard of probable cause, which the officer on the street must have to justify actions taken.").

The impact of the admission of this improper evidence was highly prejudicial in that plaintiff argued repeatedly that the criminal charges were dismissed and it allowed plaintiff to suggest that because the criminal charges had been dismissed, the search of plaintiff's home was therefore unlawful.  Consequently, the Court should grant a new trial to Defendant Pickering.

### C.    Plaintiff's Prior Criminal Arrest

Defendant Pickering was prejudiced by the exclusion of evidence regarding plaintiff's 1993 arrest in St. Louis City where plaintiff opened the door to admission of this evidence by offering evidence of his good character at trial, and the arrest was uncovered by defendant during his investigation of plaintiff.

Plaintiff emphasized his character in opening statement, asserting that he had not been in any "trouble" since his felony conviction in 1977.  Plaintiff called character witnesses at trial, including several relatives and neighbors who testified regarding plaintiff's participation in their neighborhood watch.   And plaintiff himself testified to

his character, stating that he was "an American" and a "boy scout."

Defendant proffered Defendant's Exhibit 74, the police report from Ladd's 1993 arrest during his cross-examination of plaintiff, but plaintiff's objection to the exhibit was sustained.  At the conclusion of all evidence, defendant made an offer of proof with respect to Exhibit 74 [see Doc. #201], which was also denied.  Plaintiff opened the issue of his good character at trial and the Court erred in excluding Defendant's exhibit 74.

Moreover, Ladd's prior arrest was admissible because it was relevant to the factual determination of probable cause.  Pickering knew about Ladd's previous arrests at the time he applied for the search warrant.  "Evidence is relevant if its exclusion would leave a chronological and conceptual void in the story." *Wilson v. Groaning*, 25 F.3d 581, 584 (8th Cir. 1994).  Ladd's prior arrests were one piece of Ladd's history that Pickering uncovered during his investigation of Ladd.  The 1993 arrest in particular revealed evidence of guns in Ladd's home and was part of Pickering's probable cause determination.  This had a tendency to make Pickering's claims that he had reason to believe that Ladd was in possession of firearms more probable.  Evidence is relevant when it is has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.

Accordingly, Pickering is entitled to a new trial.

### D.    Special Verdict Form

The special verdict form misstated the law regarding probable cause.  Thus, a new trial should be granted.

The district court has broad discretion in the formulation of jury instructions, and "[a] judgment will be reversed on the basis of an instructional error only if the error affected the substantive rights of the parties." *Gasper v. Wal-Mart Stores, Inc.*, 270 F.3d 1196, 1200 (8th Cir. 2001). "The test is whether the instructions given, taken as a whole and viewed in the light of the evidence and the applicable law, fairly and adequately submitted the issues in the case to the jury." *Id.* (quotations and citation omitted).

Probable cause is a complete defense to a cause of action for unlawful arrest. *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993). To determine whether probable cause exists to support a search warrant we look at the "totality of the circumstances." *U.S. v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001). Probable cause is assessed from the viewpoint of a "reasonably prudent" police officer, acting the in circumstances of the particular case. *Id.* Probable cause exists where facts would justify officer's belief that individual arrested has committed or was committing an offense. *Anderson v. Cass Cournty, Mo.*, 367 F.3d 741, 745 (8th Cir. 2004).

The special verdict form set forth the question upon which the jury was to determine liability in this matter. The special verdict form asked the following question: "Did Defendant Jeffrey Pickering lie in the search warrant application as to the existence of the confidential informant?"

This instruction was improper because it allowed the jury to make a finding of liability without determining whether Pickering lied about his surveillance. Based on Ladd's criminal record, the previous search of Ladd's home that produced weapons, and his surveillance of Ladd carrying what appeared to be a rifle or shotgun, it was not

unreasonable for Pickering to believe that an offense had been or was being committed by Ladd.  *See Anderson v. Cass Cournty, Mo.*, 367 F.3d 741, 745 (8th Cir. 2004) (finding that probable cause exists where facts would justify officer's belief that individual arrested has committed or was committing an offense).  The special verdict form fell short of requiring the jury to make a complete finding regarding probable cause.

Because the special verdict form for liability was flawed and misstated the case law, Defendant Pickering seeks a new trial on the issue of damages.

## CONCLUSION

Because of the errors set forth above, Defendant Pickering requests judgment as a matter of law regarding the allegation that his search warrant was unlawful, or, in the alternative, for a new trial on this matter.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

 */s/ Dana C. Ceresia*
Dana C. Ceresia, #51091
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
(314) 340-7861 (telephone)
(314) 340-7029 (fax)
*Attorneys for Defendant Pickering*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, the foregoing memorandum was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Anser Ahmad
105 N. Front Street
Suite 106
Harrisburg, PA 17101-1436
Attorney for Plaintiff

/s/ Dana C. Ceresia
Assistant Attorney General